Colcock, J.
delivered the opinion of the Court.
The counsel in this case have taken a very wide and extensive range, through which I have neither time nor inclination to follow them. Neither is it necessary to do so, in order to decide the case before us. The conclusion to which I have come on one of the points made, disposes of the present motion ; and even if the other points had been material, I should not regard the questions arising out of them as any longer open. Every day’s experience confirms me in the opinion, that we ought to adhere to our decisions, particularly on controverted points, which have been elaborately discussed and considered. It is wearisome to the mind, and unprofitable to the community, to be again and again considering them. I shall not therefore, inquire, whether it is proper to permit an action of debt to be brought on a magistrate’s judgment, nor whether such a judgement is conclusive of the rights of the parties as to the matters determined. The first point was decided in Todd v. Williamson, 1 M‘C. 148 ; and in the case of Starke v. Woodward, 1 N. & M. 329, it was ruled by Mr. Justice Nott, with the concurrence of the whole Court, to be now a well settled principle of law, *451 that an existing judgment or decree of a competent Court, upon a matter-within its jurisdiction, is conclusive of the rights of the parties on the same point, in any other Court of concurrent jurisdiction. And I will add, that this is more peculiarly proper, where the right of appeal is given, even to the highest tribunal in the State.
But the question is made, whether the action can be brought on such a judgment within the year and a day. On this point, I think there is a very fortunate coincidence between policy and authority; the first of which most clearly forbids such unnecessary and grievous vexation and imposition, as would result from suffering suits to be brought on judgments obtained in these inferior tribunals, at the pleasure of the party; and the latter of which I think imposes the wholesome and necessary restraint. In the establishment of these iuferior tribunals it was intended, that justice should be so administered as to meet the wants and conveniences of all classes of persons ; but it was obviously necessary to restrict them to the most direct and ordinary means of enforcing their decrees; to suffer them to operate on the property, and not on the person of the debtor, and to prevent them, as far as practicable, from becoming the engines of oppression. When a judgment then is obtained in a Magistrate’s Court, and an execution issues, it should be considered as operative for the year and the day. It may be necessary perhaps to renew the executions, but that is a matter which must be regulated by the practice of these Courts. The judgment, however, like judgments in other Courts, must be considered as operative for that time. If it were permitted to lie dormant for that period, then a suit might be maintained on it.
It seems to have been made a question, whether an action eould be brought in any Court, within the year and the day; and dicta are to be found on both sides of the question. Upon reference to the original case, in the year, book 43 Edw. 3, 2 b, I think, so far as that may be regarded as authority, it determines that it may be brought only after the year and the day. In 2 D’Anv. Abr. 500, Debt. (O.), and 7 Vin. Abr. 352, Debt, (O.), it seems to have been so understood, for they both refer to it under the head of “ at what time,” the action may be brought. In both it is said, “ if a man had recovered a debt, *452 he might have an action of debt on this judgment after the year_” Selwyn says, “ debt lies upon a judgment, within or after the year after the recovery,” but he refers to thd same law and to no other. Wh. Selw. 445. And the same doctrine is to f0UlíC¡ jn Com. Dig. Dett, (A. 2.) but the reference there also is to the case in the year book 43 Edw. 3. In 1 Espinasse’s Nisi Prius, 196, speaking of the action of debt on judgment, it is said, “ this was the common law remedy in cases where execution had not been sued out before the expiration of the year and day after judgment. But the statute of Westminster 2d, c. 45, having given the remedy by scire facias, on the judgment that is the practice now.”
Act of 1747, P. L. 214.
But the whole matter depends on the question, whether a judgment is operative for a year and a day at common law ; for if it is, why within that time have any other remedy? No sensible reason can be given why there should be, whilst it cannot escape observation, that it would be uselessly oppressive if there were. I can never sanction the idea that a'new action should be permitted, by way of punishing the debtor for not paying his debt. There is something barbarous in it, and wholly inconsistent with the mild, benignant, and just spirit of the common law. As long as the judgment is operative, the creditor has the means of enforcing payment; and if the debtor can pay, an execution is as effectual as another suit, and more expeditious. To allow successive actions to be brought in the inferior tribunals, in particular, for the purpose of increasing the debt, until an additional remedy against the body could be obtained, would, in my humble judgment, be making the law the instrument, in the hands of individuals, of vengeance and oppression. Why provide by law, that the body of an individual shall not be taken for a debt less than £20, currency, say $12.24, if by this speedy process, the poor, or unfortunate being, who has contracted a debt of $10, may have his debt increased-in a few weeks to double the amount, and his body incarcerated ; when, at the contracting of the debt, the creditor did not look to any such security, nor the debtor to such a responsibility.
That a judgment is operative for the year and a day, is, I may say, a legal axiom. Why it was so, is not very important. This period was very early adopted as a legal limitation to proceedings in Courts of Justice.» The judgment must be entered up *453 within that time, or the proceeding is out of Court: an appeal was formerly necessarily to be sued within that time: the death must be within the year, or no prosecution for murder will lie: and an estray must be challenged within that- time, or it belongs to the lord. 3 Inst. 53. 5 Rep. 107 b. Jacob’s Law Dictionary, Tear and Day. 2 Bay, 444. Here the judgment and execution, on which the action was brought, were in full operation, and therefore the action was improperly brought. The plaintiff had her remedy, and was not intitled to the further aid of another tribunal, and a nonsuit therefore was properly ordered.
Motion refused.